**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | § <br> § <br> § | Civil Action No. 3:17-cv-2120 |
| Plaintiffs, | § <br> § <br> § | |
| v. | § <br> § | PATENT CASE |
| INFOR, INC., | § <br> § <br> § | |
| Defendant. | § <br> § <br> § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Infor, Inc. ("Infor"), allege as follows:

## THE PARTIES

1.    Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.  Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.    Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.    Infor is a Delaware corporation and offers its products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Northern District of Texas.  Infor may be served with process through its registered agent: CT Corporation System, 111 Eighth Avenue, 13th Floor, New York, New York 10011.

**JURISDICTION AND VENUE**

4.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  Infor has regular and established places of business at 14185 Dallas Parkway, Suite 500, Dallas, Texas 75254 and 8777 N. Stemmons Freeway, Suite 300, Dallas, Texas 75247.

6.      Infor is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Dallas, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas, including Parkland Health and Hospital System and Children's Health System of Texas.

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

7.      Uniloc incorporates paragraphs 1-6 above by reference.

8.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001.  A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

9.      Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

2

10.    The following image from www.infor.com shows that Infor provides numerous solutions over the Internet:



11.    The following image from www.infor.com shows that Infor also provides solutions for use on smartphones, such as Workforce mobility:



12.    The following image from www.infor.com shows that Infor provides solutions for use on desktop computers, smartphones and tablet devices:



13.     The following image shows that one solution provided by Infor and installed on a user's device is Infor Workplace Management:



14.     The following image from www.infor.com shows that Infor provides solutions, such as Workforce Scheduling, that offer users a plurality of configurable preferences:

Infor's Workforce Scheduling module provides organizations with a number of features that will enable them to provide greater levels of flexibility and involvement through a comprehensive employee self-service framework.  Using an intuitive web or mobile-based interface, employees can define their own work preferences such as when they are available for work, their preferred shift times, preferred days (for part-time employees for example) or even the type of work which is preferred.  All of these preferences for each individual employee are automatically included and considered in the schedule creation and optimization process.    Using the same self-service interface, employees can also submit requests for time-off and which are automatically routed to the appropriate manager for authorization (subject to compliance and business rules been met such as for accrual balances and entitlement for example).  If and when approved, the scheduling process then automatically compensates for those planned time-off requests.  If required, self-scheduling can also be provided, enabling employees (or certain groups or types of employees) to manually input their own work schedules directly within a set of defined parameters.

15.     The following image from www.infor.com shows that Infor provides solutions, such as Workforce Management, that offer administrators a plurality of configurable preferences:

> integral and fully configurable rules engine, Infor's Time and Attendance module enables organizations to define any number of business, work or compliance rules which can be enforced, or validated, as data is entered into the system. Examples may include restricting an employee's ability to clock on outside of scheduled work times or allow employees to register activities against only certain work orders or projects, for example. Certain rules may require mandatory

16.     The following image from www.infor.com also shows that Infor provides solutions, such as Workforce Management, that offer administrators a plurality of configurable preferences:

> related data. The design methodology employed by Infor is heavily focused around improving the efficiency of many common workforce management processes and therefore alleviating managers of much of the administrative burden which would otherwise be required. Utilizing a push-based methodology for example, ensures that all actions or information that require a particular managers attention are automatically displayed (in real-time) in a message queue and which with each item categorized by type and level of importance. By selecting each notification, a split-pane view display's all the necessary supporting information the manager may need, with convenient links to the actions which are likely to be required. Examples may include: a notification when approval of an employee's time sheet is required; missing or inaccurate clock punch data; notification of an unapproved time or absence event such as a failure of an employee to clock on for a scheduled shift, a late arrival, an early finish or an unapproved extended break; or potential or actual compliance breaches triggered by the rules engine. By selecting a particular notification, the relevant information is displayed below (including the ability to make direct edits to information directly through the data view) with links to common actions such as approving or rejecting requests or making manual corrections as required. On approval, the automatic time-to-pay process continues with the data being submitted directly through to the payroll process. If the rejected, the manager or supervisor can add comments as to why the time sheet or request has been rejected which is then automatically routed back to the employee (through the Employee Transaction Manager) for correction.

17.     The following image from Workforce Management also shows that Infor provides solutions, such as Workforce Management, that offer administrators a plurality of configurable preferences:



18.     The following image shows how an unauthorized user is denied access to the Workforce Management product:



19.     Infor has directly infringed, and continues to directly infringe one or more claims of the '578 Patent, including at least claims 17-21, 23-24, 31-36, 39, 41 and 44 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and management system in the United States during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing application programs such as Workforce Management having a plurality of configurable preferences and authorized users on a server coupled to a network, distributing an application launcher program to a client, obtaining a user set of the configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

20.     In addition, should the Infor software licensing and management system be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent.  More specifically, the accused software/system performs substantially the same function (obtaining user and administrator sets of configurable

preferences), in substantially the same way (via a user and administrator), to yield substantially the same result (executing an application program using the configurable preferences in response to a request from a user on a network).  Infor would thus be liable for direct infringement under the doctrine of equivalents.

21.    Infor has indirectly infringed and continues to indirectly infringe at least claims 17-21, 23-24, 31-36, 39, 41 and 44 of the '578 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the Infor software licensing and management system. Infor's customers who use the Infor software licensing and management system in accordance with Infor's instructions directly infringe one or more of the foregoing claims of the '578 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Infor directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Workforce Management software and Infor system, such as those located at one or more of the following:

- www.infor.com

- www.infor.subscribenet.com

- https://www.facebook.com/infor/

- https://www.inforextreme.com

- https://itunes.apple.com/us/app/infor

- https://play.google.com/store/apps/developer?id=Infor

- www.youtube.com/watch?v=XcfhZ1RBOBc

- www.youtube.com/watch?v=8I0pLsCmPo

- www.youtube.com/watch?v=XUSuv-esPaU

- www.youtube.com/watch?v=oOg5qmS1W2I

- www.youtube.com/watch?v=CdqXrxLL52Q

- www.youtube.com/watch?v=7ENZXDiCDNM

Infor is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

22.     Infor has indirectly infringed and continues to indirectly infringe at least claims 17-21, 23-24, 31-36, 39, 41 and 44 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Infor software licensing and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

23.     For example, the Workforce Management software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Infor software licensing and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Infor is, therefore, liable for infringement under 35 U.S.C. § 271(c).

24.     Infor will have been on notice of the '578 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 12, 2017.  By the time of trial, Infor will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 17-21, 23-24, 31-36, 39, 41 and 44 of the '578 Patent.

25.     Infor may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including the products listed at www.infor.com/solutions/all-products on April 25, 2017.  Uniloc reserves the right to discover and pursue all such additional infringing software.

26.     Uniloc has been damaged by Infor's infringement of the '578 Patent.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

27.     Uniloc incorporates paragraphs 1-26 above by reference.

28.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR LICENSING OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006.  A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

29.     Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

30.     The following image shows that Infor uses one or more Apache servers for storing and distributing to remote users its software products:



| SSLv3/POODLE | This site does not support the SSL version 3 protocol. | | | |
|---|---|---|---|---|
| | More information about SSL version 3 and the POODLE vulnerability. | | | |
| Heartbleed | The site did not offer the Heartbeat TLS extension prior to the Heartbleed disclosure, and so was not exploitable. | | | |
| | This test does not exploit the Heartbleed vulnerability but uses information from conventional HTTPS requests. More information about Heartbleed detection. | | | |
| Assurance | Organisation validation | | | |
| Organisation | Infor, Inc. | Common name | *.cloud.infor.com | |
| State | NY | Country | US | |
| Organisational unit | Information Technology; Hosted by Infor, Inc.; PlatinumSSL Wildcard | Subject Alternative Name | *.cloud.infor.com, cloud.infor.com | |
| Validity period | From Apr 21 2015 to Apr 20 2018 (35 months, 4 weeks, 1 day) | Matches hostname | Yes | |
| Server | Apache | Public key algorithm | rsaEncryption | |
| Protocol version | TLSv1.2 | Public key length | 4096 | |
| Certificate check | ok | Signature algorithm | sha256WithRSAEncryption | |
| Serial number | 0x6f04b137b2c376ca06376cbd0378c8a2 | Cipher | ECDHE-RSA-AES128-GCM-SHA256 | |
| Version number | 0x02 | Perfect Forward Secrecy | Yes | |
| Next Protocol Negotiation | Not Present | Supported TLS Extensions | RFC5746 renegotiation info, RFC4492 EC point formats | |
| Issuing organisation | COMODO CA Limited | Issuer common name | COMODO RSA Organization Validation Secure Server CA | |
| Issuer unit | Not Present | Issuer location | Salford | |
| Issuer country | GB | Issuer state | Greater Manchester | |
| Certificate Revocation Lists | http://crl.comodoca.com/COMODORSAOrganizationValidationSecureServerCA.crl | Certificate Hash | ULlIOAOg3tnTwQVSOCLQfc8ZyII | |
| Public Key Hash | b4869b8e043bc7d217730fc45861cbfa85f418c289c466d50a1eecb8e7de044d | | | |
| OCSP servers | http://ocsp.comodoca.com - 100% uptime in the past 24 hours | | | |
| OCSP stapling response | No response received | | | |
| Certificate transparency | Signed Certificate Timestamps (SCTs) | | | |

31.     The following image from www.infor.com shows that Infor uses data centers, *inter alia*, in the United States for storing and processing customer data:



From Infor's perspective, they operate SaaS data centers in both Germany and the UK, as well as US data centers, so for organizations with operations within Europe, they can be assured that all of their data will be stored and processed in local data centers.

32.     The following image shows that a user has requested a program from Infor and that Infor has called the Workforce Management software from a source directory and delivered the software to a target directory at the user's device:

33.     Infor has directly infringed, and continues to directly infringe one or more claims of the '293 Patent, including at least claims 1, 12 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Infor software licensing and management system in the United States during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program such as Workforce Management for licensing to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and distributing the file packet to the target on-demand server to make the program available for use by a client user.

34.     In addition, should the Infor software licensing and management system be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted claims of the '293 Patent.  More specifically, the accused Infor software licensing and management system performs substantially the same function (distributing an application program to a target on-demand server on a network), in substantially the same way (via initiation of registration operations for the application program at the target on-demand server), to yield substantially the same result (making the application program available for use by a user at a client).  Infor would thus be liable for direct infringement under the doctrine of equivalents.

35.     Infor has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the Infor software licensing and management system.  Infor's customers who use the Infor software licensing and management system  in accordance with Infor's instructions

directly infringe one or more of the foregoing claims of the '293 Patent in violation of 35 U.S.C. § 271.   As set forth *inter alia* above, Infor directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Workforce Management software and Infor system, such as those located at the following:

- www.infor.com

- www.infor.subscribenet.com

- https://www.facebook.com/infor/

- https://www.inforextreme.com

- https://itunes.apple.com/us/app/infor

- https://play.google.com/store/apps/developer?id=Infor

- www.youtube.com/watch?v=XcfhZ1RBOBc

- www.youtube.com/watch?v=8I0pLsCmPo

- www.youtube.com/watch?v=XUSuv-esPaU

- www.youtube.com/watch?v=oOg5qmS1W2I

- www.youtube.com/watch?v=CdqXrxLL52Q

- www.youtube.com/watch?v=7ENZXDiCDNM

Infor is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

36.   Infor has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Infor software licensing and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

37.     For example, the Workforce Management software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Infor software licensing and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Infor is, therefore, liable for infringement under 35 U.S.C. § 271(c).

38.     Infor will have been on notice of the '293 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 12, 2017.  By the time of trial, Infor will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

39.     Infor may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including the products listed at www.infor.com/solutions/all-products on April 25, 2017.  Uniloc reserves the right to discover and pursue all such additional infringing software.

40.     Uniloc has been damaged by Infor's infringement of the '293 Patent.

**COUNT III**
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

41.     Uniloc incorporates paragraphs 1-40 above by reference.

42.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A NETWORK that issued on January 21, 2003.  A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

43.      Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

44.      The following image from www.infor.com shows that Infor provides user interface software that displays a plurality of application programs installed at one or more Infor servers that can be selected for downloading by the user:



45.      The following image shows that a user can download an instance of an Infor application such as Workforce Management:



46.     Infor has directly infringed, and continues to directly infringe one or more claims of the '466 Patent, including at least claims 15-20, 22-23, 30-33 and 35-36, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Infor software licensing and management system in the United States during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs such as Workforce Management on a server, receiving a login request, establishing a user desktop interface, receiving a selection of one of the programs displayed in the user desktop interface and providing an instance of the selected program for execution.

47.     In addition, should the Infor software licensing and management system be found to not literally infringe the asserted claims of the '466 Patent, the product would nevertheless infringe the asserted claims of the '466 Patent.  More specifically, the accused Infor software licensing and management system performs substantially the same function (selection of an application program), in substantially the same way (via an established user desktop interface), to yield substantially the same result (providing the program for execution).  Infor would thus be liable for direct infringement under the doctrine of equivalents.

48.     Infor has indirectly infringed and continues to indirectly infringe at least claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the Infor software licensing and management system. Infor's customers who use the Infor software licensing and management system in accordance with Infor's instructions directly infringe one or more of the foregoing claims of the '466 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Infor directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Workforce Management software and Infor system, such as those located at the following:

- www.infor.com

- www.infor.subscribenet.com

- https://www.facebook.com/infor/

- https://www.inforextreme.com

- https://itunes.apple.com/us/app/infor

- https://play.google.com/store/apps/developer?id=Infor

- www.youtube.com/watch?v=XcfhZ1RBOBc

- www.youtube.com/watch?v=8I0pLsCmPo

- www.youtube.com/watch?v=XUSuv-esPaU

- www.youtube.com/watch?v=oOg5qmS1W2I

- www.youtube.com/watch?v=CdqXrxLL52Q

- www.youtube.com/watch?v=7ENZXDiCDNM

Infor is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

49.     Infor has indirectly infringed and continues to indirectly infringe at least claims 8, 15-20, 22-23, 30-33 and 35-36 of the '466 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Infor software licensing and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '466 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

50.     For example, the Workforce Management software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Infor software licensing and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Infor is, therefore, liable for infringement under 35 U.S.C. § 271(c).

51.     Infor will have been on notice of the '466 Patent since, at the latest, the service of the original complaint on May 12, 2017.  By the time of trial, Infor will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 15-20, 22-23, 30-33 and 35-36 of the '466 Patent.

52.     Infor may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including the products listed at www.infor.com/solutions/all-products on April 25, 2017.  Uniloc reserves the right to discover and pursue all such additional infringing software.

53.     Uniloc has been damaged by Infor's infringement of the '466 Patent.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

54.    Uniloc incorporates paragraphs 1-53 above by reference.

55.    Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004.  A true and correct copy of the '766 Patent is attached as Exhibit D hereto.

56.    Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

57.    The following image from www.docs.infor.com shows that Infor imposes license restrictions on the use of its software:

**SLM license types**
Infor applications can be licensed in various ways. To see how your application must be licensed, refer to the Software License and Support Agreement (SLSA). Depending on the Infor pricing strategy, a restricted set of license types can be assigned to a specific application. For example, some applications can be licensed through any license type, while others can only be licensed through a server license.

58.    The following image from www.docs.infor.com shows that Infor performs a license availability check when a license request is made:

When a license request is made, the SLM server checks the license configuration (License file) to see how many desktops, users, servers, or instances can use the application, and then, according to the license type, checks the specific named user, server, or desktop.

59.    Infor has directly infringed, and continues to directly infringe one or more claims of the '766 Patent, including at least claims 11, 13-15 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Infor software licensing and management system in the United States during the pendency of the '766 Patent which software and associated backend server architecture *inter alia* allow for maintaining user policy based license management information for application programs such as Workforce Management at a server, receiving a request for a license at the server, determining license

availability based on the policy information, and providing an indication of availability or unavailability.

60.     In addition, should the Infor software licensing and management system be found to not literally infringe the asserted claims of the '766 Patent, the product would nevertheless infringe the asserted claims of the '766 Patent.  More specifically, the accused Infor software licensing and management system performs substantially the same function (managing licenses for authorized computer software based on user policy information), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized software to a client).  Infor would thus be liable for direct infringement under the doctrine of equivalents.

61.     Infor has indirectly infringed and continues to indirectly infringe at least claims 13-15 and 17 of the '766 Patent by, among other things, actively inducing the using, offering for sale, selling, or importing the Infor software licensing and management system.  Infor's customers who use the Infor software licensing and management system in accordance with Infor's instructions directly infringe one or more of the foregoing claims of the '766 Patent in violation of 35 U.S.C. § 271.  As set forth *inter alia* above, Infor directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the Workforce Management software and Infor system, such as those located at the following:

- www.infor.com

- www.infor.subscribenet.com

- https://www.facebook.com/infor/

- https://www.inforextreme.com

- https://itunes.apple.com/us/app/infor

- https://play.google.com/store/apps/developer?id=Infor

- www.youtube.com/watch?v=XcfhZ1RBOBc

- www.youtube.com/watch?v=8I0pLsCmPo

- www.youtube.com/watch?v=XUSuv-esPaU

- www.youtube.com/watch?v=oOg5qmS1W2I

- www.youtube.com/watch?v=CdqXrxLL52Q

- www.youtube.com/watch?v=7ENZXDiCDNM

Infor is thereby liable for infringement of the '766 Patent under 35 U.S.C. § 271(b).

62.     Infor has indirectly infringed and continues to indirectly infringe at least claims 13-15 and 17 of the '766 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Infor software licensing and management system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '766 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

63.     For example, the Workforce Management software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Infor software licensing and management system is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Infor is, therefore, liable for infringement under 35 U.S.C. § 271(c).

64.     Infor will have been on notice of the '766 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on May 12, 2017.  By the time of trial, Infor will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 13-15 and 17 of the '766 Patent.

65.     Infor may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including the products listed at www.infor.com/solutions/all-products on April 25, 2017.  Uniloc reserves the right to discover and pursue all such additional infringing software.

66.     Uniloc has been damaged by Infor's infringement of the '766 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Infor as follows:

(A)     finding that Infor has infringed the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(B)     awarding Uniloc its damages suffered as a result of Infor's infringement of the '578 Patent, the '293 Patent, the '466 Patent, and the '766 Patent;

(C)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: August 11, 2017                    Respectfully submitted,


                                         */s/ Edward R. Nelson III*
                                         Paul J. Hayes (Lead Attorney) (Pro Hac to Follow)
                                         Massachusetts State Bar No. 227000
                                         Kevin Gannon (Pro Hac to Follow)
                                         Massachusetts State Bar No. 640931
                                         Dean G. Bostock (Pro Hac to Follow)
                                         Massachusetts State Bar No. 549747
                                         Aaron Jacobs (Pro Hac to Follow)
                                         Massachusetts State Bar No. 677545
                                         **PRINCE LOBEL TYE LLP**
                                         One International Place, Suite 3700
                                         Boston, MA 02110
                                         Tel: (617) 456-8000
                                         Email: phayes@princelobel.com
                                         Email: kgannon@princelobel.com
                                         Email: dbostock@princelobel.com
                                         Email: ajacobs@princelobel.com

                                         Edward R. Nelson III
                                         ed@nelbum.com
                                         Texas State Bar No. 00797142
                                         Anthony M. Vecchione
                                         anthony@nelbum.com
                                         Texas State Bar No. 24061270
                                         **NELSON BUMGARDNER PC**
                                         3131 West 7th Street, Suite 300
                                         Fort Worth, TX 76107
                                         Tel: (817) 377-9111
                                         Fax: (817) 377-3485

                                         **ATTORNEYS FOR THE PLAINTIFFS**